■ 260-261 MADISON AVENUE, LLC, Appellant, v BOWER MONTE & GREENE, P.C., et al., Defendants, and GUY A. LAWRENCE, Respondent. (And a Third-Party Action.) [25 NYS3d 880]—

Judgment, Supreme Court, New York County (Ellen M. Coin, J.), entered October 22, 2014, which, to the extent appealed from as limited by the briefs, dismissed the complaint against defendant Guy A. Lawrence, and brings up for review an order, same court and Justice, entered October 24, 2013, and an amended order, same court and Justice, entered September 12, 2014, which determined that Lawrence was released from his obligations under a guaranty, unanimously affirmed, without costs.

The term "withdraws," as employed in the parties' unambiguous guaranty and interpreted according to its plain meaning, refers to a voluntary act. Because defendants, who are seasoned

attorneys, chose not to employ terms such as "involuntarily withdraws," "withdraws for cause," "is terminated" or other similar language, it is reasonable to conclude that they did not intend for an attorney departing the firm under such involuntary circumstances to be considered the first guarantor who "retires or withdraws" under the guaranty (*Quadrant Structured Prods. Co., Ltd. v Vertin*, 23 NY3d 549, 560 [2014] ["if parties to a contract omit terms . . . the inescapable conclusion is that the parties intended the omission"]). Moreover, the guaranty specifically identifies those limited involuntary circumstances that would apply (i.e., death or disability). The fact that the parties did not expand this category to expressly include termination further underscores that they did not intend it to trigger a release from the guaranty (*id.*).

The court's reading of the lease modification is appropriate, since, by its terms, it does not modify the foregoing terms of the guaranty. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.